**UNITED STATES of America, Appellee,**

v.

**James L. McIE, Appellant.**

**No. 73–1539.**

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 8, 1973.

Decided Sept. 18, 1973.

Richard W. Cardot, Elkins, W. Va., on brief for appellant.

James F. Companion, U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

On February 12, 1973, James McIe was tried as a minor along with one Steven Schrader for interstate transportation of a stolen motor vehicle, a violation of 18 U.S.C. § 2312. Both defendants were found guilty by the district court, sitting without a jury. McIe then brought this appeal, and the United States Attorney filed a motion for summary affirmance.

McIe argues that his conviction must be reversed for three reasons: the evidence is insufficient to sustain the conviction; the government did not prove criminal intent; and the lower court erred in refusing to require the introduction of certain F.B.I. reports which are alleged to corroborate the defendant's exculpatory trial testimony.

At trial, several witnesses testified that they saw both defendants in possession of and driving the stolen automobile at various times approximately between September 18–22, 1971, in the vicinity of Wallace, West Virginia. Two witnesses further testified that they were told by either McIe or Schrader that they had stolen the car in Ohio. The defendants presented an alibi defense. They denied having been in Ohio at the time of the theft, and while they admitted having ridden in the stolen car, they claimed that they were merely passengers, having been picked up while hitchhiking.

In assessing the sufficiency of evidence, we look to see "only that the evidence would permit the triers of fact to find the defendant guilty beyond a reasonable doubt. United States v. Ragland, 306 F.2d 732 (4th Cir. 1962) cert. den. 371 U.S. 949, 83 S.Ct. 504, 9 L.Ed. 2d 498. The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support the findings of guilt. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)." United States v. Sherman, 421 F.2d 198, 199 (4th Cir. 1970). In this case, it is clear that there was ample and sufficient eyewitness testimony that the defendants were in possession of the stolen vehicle to support the conviction. The trial judge resolved the direct conflict in testimony against the defend-

**22**

ants. We cannot conclude, on the basis of the record before us, that his decision was clearly erroneous.

 Appellant also argues, however, that even if the government witnesses are to be believed, there was not sufficient evidence introduced to prove the charge contained in the indictment that the automobile was transported from Ohio to West Virginia "on or about September 19, 1971." Uncontroverted evidence proves that the vehicle was recovered on September 22, 1971. Testimony does not, however, clearly pinpoint either the date of the theft or the date the automobile was driven across a state border. The evidence merely shows that these events probably occurred within a week, and almost certainly within the two weeks preceding September 22. We conclude that in the absence of prejudice to the appellant resulting from the government's inability to prove the date of the offense with greater precision, the conviction will stand. "Time is not of the essence in connection with the charge for this crime [violation of 18 U.S.C. § 2312], and the date in an indictment such as this was not a material allegation inasmuch as the time of the theft is not descriptive of the offense and need not be precisely proven other than to prove it occurred within the limitation period." Stewart v. United States, 395 F.2d 484 (8th Cir. 1968).

Appellant's argument that criminal intent was not proven is also without merit. The lower court found that McIe participated in the theft of a vehicle in Ohio and its transportation into West Virginia. No facts are alleged that would negate the presumption that he intended the natural and probable consequences of his acts. The intent to deprive the owner of the rights of ownership coupled with knowledge that the vehicle was stolen when transported into West Virginia fulfills the statutory requirements. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

McIe's final claim is that the lower court erred by not requiring the prosecution to introduce a statement made by the appellant to the F.B.I. The defense apparently had its own copy of McIe's statement to the F.B.I., and could have offered it. Failure of the prosecution to present the statement is thus no ground for reversal.

Accordingly, the appellee's motion for summary affirmance is granted; McIe's appeal is dismissed.